FILED

FEB 0 4 2021

U.S. DISTRICT COURT-WVND
CLARKSBURG, WV 26301

STATE OF WEST VIRGINIA
COUNTY OF PRESTON, TO-WIT:

     I, Lisa Leishman, Clerk of the Circuit Court of Preston County, in the State of West Virginia, and as such Clerk having the care and custody of the records of the Circuit Court of said County and State, do hereby certify that the attached hereto pleadings are true and accurate copies of the originals on file in this office and as the same appears of record in my said office, in the case of:

LEE D. REEVES,
aka DARNELL REEVES,

    *5:21 CV 17*

     VS.             CIRCUIT COURT CASE NO.: 21-C-4

FEDERAL BUREAU OF PRISONS;
FREDERICK ENTZEL, JR.
PAUL ADAMS; and
UNITED STATES OF AMERICA,

     IN TESTIMONY WHEREOF, I have hereunto set my hand and affixed the seal of said Court at the City of Kingwood, in said County and State, this the 29st day of January, 2021.

Lisa Leishman, Circuit Clerk
Preston County, West Virginia

CASE 21-C-4            PRESTON                              PAGE 0001

LEE D. REEVES              VS. PAUL ADAMS, ET AL.


LINE   DATE    ACTION

   1  01/05/21  COMPLAINT W/ATTACHED EXHIBITS FILED. SUMMONSES, AND COMPLAINTS
   2            W/ATTACHED EXHIBITS MAILED BY CERT/REST MAIL FOR SERVICE ON
   3            DEF.'S.
   4  01/15/21  SERVICE HAD ON UNITED STATES OF AMERICA SIGNED BY LORI MOWDER
   5            COOK ON 01/11/21 FILED.
   6  01/19/21  SERVICE OF CERT/REST MAIL HAD ON FEDERAL BUREAU OF PRISIONS
   7            ACCEPTED BY S. GREGG ON 01/13/21 FILED.
   8  01/20/21  SERVICE OF CERT/REST MAIL HAD ON F. ENTZEL ACCEPTED BY B.
   9            STUCKEY ON 01/11/21 FILED.
  10  01/28/21  NOTICE OF APPEARANCE ON BEHALF OF DEF. UNITED STATES FILED. EKR
  11  01/29/21  NOTICE OF FILING OF NOTICE OF REMOVAL AND NOTICE OF REMOVAL
  12            FILED. CERT. COPY OF FILE TO U.S. DIST. CT., CLARKSBURG BY
  13            CERT/MAIL.



**Card 1:**

COMPLETE THIS SECTION ON DELIVERY

A. Signature
X *Lori Mowder Cook* ☐ Agent ☐ Addressee

B. Received by (Printed Name) *Lori Mowder Cook* C. Date of Delivery *1-16-20*

D. Is delivery address different from item 1? ☐ Yes
If YES, enter delivery address below: ☐ No

3. Service Type
☐ Adult Signature
☐ Adult Signature Restricted Delivery
☐ Certified Mail®
☒ Certified Mail Restricted Delivery
☐ Collect on Delivery
☐ Collect on Delivery Restricted Delivery
☐ Insured Mail
☐ Insured Mail Restricted Delivery (over $500)

☐ Priority Mail Express®
☐ Registered Mail™
☐ Registered Mail Restricted Delivery
☐ Return Receipt for Merchandise
☐ Signature Confirmation™
☐ Signature Confirmation Restricted Delivery

Domestic Return Receipt

SENDER: COMPLETE THIS SECTION
■ Complete items 1, 2, and 3.
■ Print your name and address on the reverse so that we can return the card to you.
■ Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

UNITED STATES OF AMERICA
1125 CHAPLINE ST., STE 3000
WHEELING WV 26003

21-C-4

9590 9402 4787 8344 6442 23

2. Article Number (Transfer from service label)
7018 3090 0001 9846 9193

PS Form 3811, July 2015 PSN 7530-02-000-9053

**Card 2:**

COMPLETE THIS SECTION ON DELIVERY

A. Signature
X *B Hickey* ☐ Agent ☐ Addressee

B. Received by (Printed Name) *B Hickey* C. Date of Delivery *1/1/20*

D. Is delivery address different from item 1? ☐ Yes
If YES, enter delivery address below: ☐ No

3. Service Type
☐ Adult Signature
☐ Adult Signature Restricted Delivery
☐ Certified Mail®
☒ Certified Mail Restricted Delivery
☐ Collect on Delivery
☐ Collect on Delivery Restricted Delivery
☐ Insured Mail
☐ Insured Mail Restricted Delivery (over $500)

☐ Priority Mail Express®
☐ Registered Mail™
☐ Registered Mail Restricted Delivery
☐ Return Receipt for Merchandise
☐ Signature Confirmation™
☐ Signature Confirmation Restricted Delivery

Domestic Return Receipt

SENDER: COMPLETE THIS SECTION
■ Complete items 1, 2, and 3.
■ Print your name and address on the reverse so that we can return the card to you.
■ Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

FREDERICK ENTZEL, JR.
2600 S SECOND ST
PEKIN IL 61554

21-C-4

9590 9402 4787 8344 6442 09

2. Article Number (Transfer from service label)
7018 3090 0001 9846 9179

PS Form 3811, July 2015 PSN 7530-02-000-9053

**Card 3:**

SENDER: COMPLETE THIS SECTION
■ Complete items 1, 2, and 3.
■ Print your name and address on the reverse so that we can return the card to you.
■ Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

FEDERAL BUREAU OF PRISONS
302 SENTINEL DR., STE 200
ANNAPOLIS JUNCTION MD 20701

21-C-4

9590 9402 4787 8344 6441 93

2. Article Number (Transfer from service label)
7018 3090 0001 9846 9162

PS Form 3811, July 2015 PSN 7530-02-000-9053

COMPLETE THIS SECTION ON DELIVERY

A. Signature
X *S. Gregg* ☐ Agent ☐ Addressee

B. Received by (Printed Name) *S Gregg* C. Date of Delivery *1-13-2021*

D. Is delivery address different from item 1? ☐ Yes
If YES, enter delivery address below: ☐ No

3. Service Type
☐ Adult Signature
☐ Adult Signature Restricted Delivery
☐ Certified Mail®
☒ Certified Mail Restricted Delivery
☐ Collect on Delivery
☐ Collect on Delivery Restricted Delivery
☐ Insured Mail
☐ Insured Mail Restricted Delivery (over $500)

☐ Priority Mail Express®
☐ Registered Mail™
☐ Registered Mail Restricted Delivery
☐ Return Receipt for Merchandise
☐ Signature Confirmation™
☐ Signature Confirmation Restricted Delivery

Domestic Return Receipt



First-Class Mail
Postage & Fees Paid
USPS
Permit No. G-10

PRESTON CIRCUIT CLERK
JAN 15 '21 AM 10:52

USPS TRACKING #

9590 9402 4787 8344 6442 23

United States
Postal Service

• Sender: Please print your name, address, and ZIP+4® in this box•

LISA LEISHMAN
Preston County Circuit Clerk
101 W. Main St., Room 301
Kingwood, WV 26537

First-Class Mail
Postage & Fees Paid
USPS
Permit No. G-10

USPS TRACKING #

9590 9402 4787 8344 6442 09

United States
Postal Service

• Sender: Please print your name, address, and ZIP+4® in this box•

LISA LEISHMAN
Preston County Circuit Clerk
101 W. Main St., Room 301
Kingwood, WV 26537

PRESTON CIRCUIT CLERK
JAN 20 '21 AM 10:25

USPS TRACKING #

9590 9402 4787 8344 6441 93

United States
Postal Service

First-Class Mail
Postage & Fees Paid
USPS
Permit No. G-10

• Sender: Please print your name, address, and ZIP+4® in this box•

LISA LEISHMAN
Preston County Circuit Clerk
101 W. Main St., Room 301
Kingwood, WV 26537

PRESTON CIRCUIT CLERK
JAN 19 '21 AM 11:51

```
                    Lisa Leishman
                    Circuit Clerk
             101 W. Main St., Rm 301
                 Kingwood, WV 26537
               Phone: 304-329-0047
                 Fax: 304-329-1417
```

January  29, 2021

Cheryl Dean Riley, Clerk
United States District Court
500 West Pike Street Room 301
PO Box 2857
Clarksburg, WV 26302

Re: Lee D. Reeves, aka Darnell Reeves

       VS

    Federal Bureau of Prisons; Frederick Entzel, Jr.; Paul Adams; and United States of America

    Civil Action No.: 21-C-4

Dear Ms. Riley:

    Enclosed please find a certified copy of the  file in the above-styled case that has been removed to the U.S. District Court.   If you have any questions , please contact my office.

         Sincerely,

         Lisa Leishman

LL/ll

**7018 3090 0001 9846 9186**

U.S. Postal Service™
CERTIFIED MAIL® RECEIPT
*Domestic Mail Only*

For delivery information, visit our website at www.usps.com®

OFFICIAL USE

Certified Mail Fee $ 12.10
Extra Services & Fees (check box, add fee as appropriate)
☐ Return Receipt (hardcopy) $
☐ Return Receipt (electronic) $
☐ Certified Mail Restricted Delivery $
☐ Adult Signature Required $
☐ Adult Signature Restricted Delivery $
Postage $
Total Postage and Fees $

Sent To PAUL ADAMS
Street and Apt. No., or PO Box No. 1640 SKY VIEW DRIVE
City, State, ZIP+4® BRUCETON MILLS WV 26525

Postmark Here 01/05/21

PS Form 3800, April 2015 PSN 7530-02-000-9047    See Reverse for Instructions

---

**7018 3090 0001 9846 9162**

U.S. Postal Service™
CERTIFIED MAIL® RECEIPT
*Domestic Mail Only*

For delivery information, visit our website at www.usps.com®

OFFICIAL USE

Certified Mail Fee $ 12.10
Extra Services & Fees (check box, add fee as appropriate)
☐ Return Receipt (hardcopy) $
☐ Return Receipt (electronic) $
☐ Certified Mail Restricted Delivery $
☐ Adult Signature Required $
☐ Adult Signature Restricted Delivery $
Postage $
Total Postage and Fees $

Sent To FEDERAL BUREAU OF PRISONS
Street and Apt. No., or PO Box No. 3601 SENTINEL DR., STE 200
City, State, ZIP+4® ANNAPOLIS JUNCTION, MD 20701

Postmark Here 01/05/21

PS Form 3800, April 2015 PSN 7530-02-000-9047    See Reverse for Instructions

---

**7018 3090 0001 9846 9193**

U.S. Postal Service™
CERTIFIED MAIL® RECEIPT
*Domestic Mail Only*

For delivery information, visit our website at www.usps.com®

OFFICIAL USE

Certified Mail Fee $ 12.10
Extra Services & Fees (check box, add fee as appropriate)
☐ Return Receipt (hardcopy) $
☐ Return Receipt (electronic) $
☐ Certified Mail Restricted Delivery $
☐ Adult Signature Required $
☐ Adult Signature Restricted Delivery $
Postage $
Total Postage and Fees $

Sent To UNITED STATES OF AMERICA
Street and Apt. No., or PO Box No. 1125 CHAPLINE ST., STE 3000
City, State, ZIP+4® WHEELING WV 26003

Postmark Here 01/05/21

PS Form 3800, April 2015 PSN 7530-02-000-9047    See Reverse for Instructions

---

**7018 3090 0001 9846 9179**

U.S. Postal Service™
CERTIFIED MAIL® RECEIPT
*Domestic Mail Only*

For delivery information, visit our website at www.usps.com®

OFFICIAL USE

Certified Mail Fee $ 12.10
Extra Services & Fees (check box, add fee as appropriate)
☐ Return Receipt (hardcopy) $
☐ Return Receipt (electronic) $
☐ Certified Mail Restricted Delivery $
☐ Adult Signature Required $
☐ Adult Signature Restricted Delivery $
Postage $
Total Postage and Fees $

Sent To FREDERICK ENTZEL, JR.
Street and Apt. No., or PO Box No. 2600 S. SECOND ST
City, State, ZIP+4® PEKIN IL 61554

Postmark Here 01/05/21

PS Form 3800, April 2015 PSN 7530-02-000-9047    See Reverse for Instructions

IN THE CIRCUIT COURT OF ___PRESTON___ COUNTY, WEST VIRGINIA

## CIVIL CASE INFORMATION STATEMENT
### (Civil Cases Other than Domestic Relations)

**I.  CASE STYLE:**

Plaintiff(s)

LEE D. REEVES

14013 Maple Avenue

Los Angeles, CA 90061

vs.

Defendant(s)

PAUL ADAMS
Name

1640 Sky View Drive
eet Address

Bruceton Mills, WV 26525
City, State, Zip Code

Case No. 21-C-4

Judge: Steven L. Shaffer

Days to Answer  20

Type of Service  Personal delivery, Rule 4(d)(1)(A)

**II.  TYPE OF CASE:**

- ☒ General Civil
- ☐ Mass Litigation *[As defined in T.C.R. 26.04(a)]*
  - ☐ Asbestos
  - ☐ FELA Asbestos
  - ☐ Other: _____
- ☐ Habeas Corpus/Other Extraordinary Writ
- ☐ Other: _____

- ☐ Adoption
- ☐ Administrative Agency Appeal
- ☐ Civil Appeal from Magistrate Court
- ☐ Miscellaneous Civil Petition
- ☐ Mental Hygiene
- ☐ Guardianship
- ☐ Medical Malpractice

**III.  JURY DEMAND:** ☒ Yes ☐ No  CASE WILL BE READY FOR TRIAL BY (Month/Year): MAY/ 2021

**IV.  DO YOU OR ANY OF YOUR CLIENTS OR WITNESSES IN THIS CASE REQUIRE SPECIAL ACCOMMODATIONS?**

☐ Yes ☒ No

**IF YES, PLEASE SPECIFY:**

- ☐ Wheelchair accessible hearing room and other facilites
- ☐ Reader or other auxiliary aid for the visually impaired
- ☐ Interpreter or other auxiliary aid for the deaf and hard of hearing
- ☐ Spokesperson or other auxiliary aid for the speech impaired
- ☐ Foreign language interpreter-specify language: _____
- ☐ Other: _____

Attorney Name: _____

Firm: _____

Address: _____

Telephone: _____

☒ Proceeding Without an Attorney

Representing:
- ☐ Plaintiff     ☐ Defendant
- ☐ Cross-Defendant    ☐ Cross-Complainant.
- ☐ 3rd-Party Plaintiff ☐ 3rd-Party Defendant

Original and __4__ copies of complaint enclosed/attached.

Dated: 12 / 15 / 20      Signature: Lee D Reeves

SCA-C-100: Civil Case Information Stat

Plaintiff: LEE D. REEVES _____ , et al    Case Number: 21-C-4

vs.

Defendant: PAUL ADAMS _____ , et al

## CIVIL CASE INFORMATION STATEMENT
## DEFENDANT(S) CONTINUATION PAGE

FEDERAL BUREAU of PRISONS
Defendant's Name

302 Sentinel Drive, Ste. 200        Days to Answer: 60    W. Va. Code § 55-17-4(1)
Street Address

Annapolis Junction, MD 20701        Type of Service: certified mail
City, State, Zip Code

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

FREDERICK ENTZEL, Jr.
Defendant's Name

2600 S. Second St.        Days to Answer: 20
Street Address

Pekin, IL 61554        Type of Service: certified mail
City, State, Zip Code

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

UNITED STATES of AMERICA
Defendant's Name

1125 Chapline Street, Ste. 3000        Days to Answer: 60    W. Va. Code § 55-17-4(1)
Street Address

Wheeling, WV 26003        Type of Service: certified mail
City, State, Zip Code

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

Defendant's Name

Street Address        Days to Answer: _____

        Type of Service: _____
City, State, Zip Code

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

Defendant's Name

Street Address        Days to Answer: _____

        Type of Service: _____
City, State, Zip Code

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

Defendant's Name

Street Address        Days to Answer: _____

        Type of Service: _____
City, State, Zip Code

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

Defendant's Name

Street Address        Days to Answer: _____

        Type of Service: _____
City, State, Zip Code

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

SCA-C-100:  Civil Case Information Statement-Defendant(s) Continuation Page        Revision Date: 12/2015

# EXHIBIT 1

(3 pages)   June 10, 2020, letter to BOP Mid-Atlantic Regional Office

# EXHIBIT 2

(2 pages)   June 18, 2020, request for reconsideration letter to BOP Mid-Atlantic Regional office

# EXHIBIT 3

(18 pages)   Administrative Remedy No. 986827 (BP-11, BP-10, BP-9 and BP-8, with all responses). Documents are arranged by date, latest date first, e.g. BP-11 response is the first document.

# EXHIBIT 4

(1 page)   Frederick Entzel's July 30, 2018 Notice to the Inmate Population

PRESTON CIRCUIT CL
JAN 5 '21 PM8:52

IN THE CIRCUIT COURT OF PRESTON COUNTY
FOR THE STATE OF WEST VIRGINIA

LEE D. REEVES,

also known as,

DARNELL REEVES,

        Plaintiff,

    vs.

FEDERAL BUREAU OF PRISONS,
FREDERICK ENTZEL, Jr.,
PAUL ADAMS,
UNITED STATES of AMERICA,

        Defendants.

Civil No. 21-C-4

JURY TRIAL DEMANDED

## COMPLAINT

Plaintiff Lee Reeves avers the following:

### I. NATURE OF THE ACTION

1.) In this case, the Federal Bureau of Prisons ignored a valid district court judgment reducing Plaintiff's sentence and chose to unlawfully imprison Plaintiff for an additional

1

PRESTON CIRCUIT CLERK
JAN 5 '21 PM 3:37

510 days while Defendants Entzel and Adams continued to violate Plaintiff's rights, subjecting him to their <u>ultra</u> <u>vires</u> collective punishment program.

## II. PLAINTIFF

2.) At all relevant time, Plaintiff Lee Darnell Reeves was a citizen of the United States of America residing in Bruceton Mills, West Virginia.

3.) Plaintiff was restrained of his liberty in Federal Correctional Institution ("FCI") Hazelton for 510 days following the completion of all federal sentences on January 31, 2019.

## A. CONDITIONS PRECEDENT

4.) Plaintiff timely presented his tort claims in writing to the Federal Bureau of Prisons ("BOP") Mid-Atlantic Regional Office, administrative claim No. TRT-MXR-06891. Plaintiff amended his administrative claim on June 10, 2020, requesting $2,080,000.00 in compensation. Attached as Exhibit 1 is a true and correct copy of Plaintiff's amendment of administrative claim No. TRT-MXR-06891.

2

5.) On June 18, 2020, Plaintiff requested reconsideration of the BOP's denial of administrative claim No. TRT-MXR-06891. The BOP denied Plaintiff's reconsideration request on June 24, 2020. Pursuant to 28 C.F.R. § 14.9(b), Plaintiff's Complaint is timely filed on or before December 18, 2020. Attached as Exhibit 2 is a true and correct copy of Plaintiff's Request for Reconsideration (June 18, 2020).

6.) Plaintiff exhausted available remedies under the BOP's Administrative Remedy Program. Attached as Exhibit 3 are original or true and correct copies of administrative remedy Case No. 986827.

## III.  DEFENDANTS

7.) Various individuals involved in the operation of the FCI Hazelton commissary and inmate TRUSTFUND, who have not been made defendants in this Complaint, have been induced to participate by, and have participated with Defendants Entzel and Adams, in the restraint of Plaintiff's trade or commerce among the several states. These various individuals have performed acts and made statements in furtherance of the conspiracies to restrain Plaintiff's trade or commerce among the several states.

3

## A. FEDERAL BUREAU OF PRISONS

8.) Defendant Federal Bureau of Prisons is an agency of the United States and has charge of the management and regulation of all federal penal and correctional institutions. Defendant BOP was and is the operator of FCI Hazelton.

9.) Defendant BOP had a duty to provide Reeves with suitable quarters and provide for his safekeeping, care, protection and instruction while confined in FCI Hazelton.

10.) Defendant BOP had a duty to train and supervise its staff to ensure that Reeves was not subjected to punishment without due process or subjected to torture, cruel, inhuman, or degrading treatment or punishment while confined in FCI Hazelton.

11.) Defendant BOP had a duty to maintain accurate, relevant, timely and complete records to assure fairness in making individual determinations affecting Reeves. The BOP had possession, custody and control of records pertaining to the computation of sentences imposed in United States v. Reeves, No. 6:93-CR-10036 (D. Kan.) and United States v. Reeves, No. 5:97-CR-40049 (D. Kan.).

4

## B. FREDERICK ENTZEL, JR.

12.) At all relevant time, Defendant Frederick Entzel, Jr. was an employee and officer of the BOP. Entzel is sued in his individual capacity and his official capacity as Warden of FCI Hazelton.

13.) As Warden of FCI Hazelton, Entzel was responsible for the supervision and control of BOP staff assigned to FCI Hazelton.

14.) At all relevant time, Entzel had a duty to refrain from imposing sanctions upon Plaintiff without due process, to put forth honest effort in the performance of his duties, to act impartially, and to avoid creating the appearance that he was violating the law or BOP ethical standards.

15.) Defendant Entzel was not acting within the scope of his employment with the BOP when he willfully subjected Reeves to sanctions without process due under the Inmate Discipline Program or when he willfully engaged in conduct that was prohibited by law.

## C. PAUL ADAMS

5

16.) At all relevant time, Defendant Paul Adams was an employee and officer of the BOP. Adams is sued in his individual capacity and his official capacity as Warden of FCI Hazelton.

17.) As Warden of FCI Hazelton, Adams was responsible for the supervision and control of BOP staff assigned to FCI Hazelton.

18.) At all relevant time, Adams had a duty to refrain from imposing sanctions upon Reeves without due process, to put forth honest effort in the performance of his duties, to act impartially, and to avoid creating the appearance that he was violating the law or BOP ethical standards.

19.) Defendant Adams was not acting within the scope of his employment with the BOP when he willfully subjected Reeves to sanctions with process due under the Inmate Discipline Program or when he willfully engaged in conduct that was prohibited by law.

D. UNITED STATES of AMERICA

20.) Defendant United States of America is sued under the Federal Tort Claims Act ("FTCA") for false imprisonment,

6

intentional infliction of emotional distress, and negligence by law enforcement officers of the United States Department of Justice, Federal Bureau of Prisons.

## IV. JURISDICTION & VENUE

21.) FCI Hazelton is located in Preston County, West Virginia.

22.) The Circuit Court of Preston County has original and general jurisdiction over this case because the amount in controversy, excluding interest, exceeds seven-thousand, five-hundred dollars and equitable relief is requested. Const. W. Va., art. VIII, § 6; W. Va. Code § 51-2-2(b).

23.) At all relevant times, Defendants maintained substantial or continuous systematic contacts with the State of West Virginia. The Circuit Court of Preston County has in personam general jurisdiction over Defendants;

24.) At all relevant time, Defendants performed acts or consummated transactions within Preston County or otherwise availed themselves of the privileges of conducting activities in or affecting Reeves in Preston County. Reeves' claims arise out of or result from Defendant's activities in West

7

Virginia. The exercise of personal jurisdiction over Defendants is reasonable. The Circuit Court of Preston County has in personam specific jurisdiction over Defendants, W. Va. Code § 56-3-33(3), (4).

25.) The Circuit Court of Preston County has concurrent or pendant jurisdiction to adjudicate claims arising under federal law.

26.) This action includes a broad constitutional challenge to unconstitutional, unlawful, and ultra vires conduct, practices or procedures. The departments and agencies of the United States are not immune to suit for actions arising under the U.S. Constitution, the Administrative Procedures Act, the Privacy Act, and the Federal Tort Claims Act.

27.) Plaintiff's claims are outside the agency expertise of any Defendant. The Circuit Court of Preston County has jurisdiction over Reeves' claims because a finding of preclusion would foreclose all meaningful judicial review.

28.) Venue is proper in the Circuit Court of Preston County because Reeves' claims arise out of Defendant's activities in, or affecting Reeves in Preston County. Plaintiff suffered injuries in Preston County. W. Va. Code § 56-1-1(a)(i).

8

# V. FACTUAL ALLEGATIONS

29.) Following a conviction of a controlled substance offense, Reeves was sentenced to 365 months imprisonment. Judgment, _United States v. Reeves_, No. 6:93-CR-10036 (D. Kan. Nov. 16, 1993).

30.) Reeves was also convicted of conspiring to provide or possess contraband in prison and sentenced to 46 months imprisonment. Judgment, _United States v. Reeves_, No. 5:97-CR-40049 (D. Kan. Nov. 3, 1997). The 46 month sentence was imposed to run consecutive to the sentence imposed in case No. 6:93-CR-10036. Reeves aggregate sentence on November 3, 1997, was 411 months.

31.) On August 25, 2015, the District Court for the District of Kansas issued an order in case No. 6:93-CR-10036 reducing Reeves' 365 month sentence to 327 months. The BOP updated its SENTRY records to show that Reeves' sentence in case No. 6:93-CR-10036 had been changed to 327 months.

32.) The BOP confined Plaintiff in FCI Hazelton from November 18, 2017, until June 18, 2020. Plaintiff was released from confinement on June 23, 2020.

9

33.) At all relevant time, Defendants Entzel and Adams engaged in the custom or practice of subjecting Plaintiff to the sanction of restriction to quarters and the sanction of commissary restriction, without following the procedures required under the BOP's Inmate Discipline Program.

34.) Plaintiff was restricted to his quarters without due process for 4 days in 2017, 89 days in 2018, 112 days in 2019, and 10 days in 2020.

35.) While restricted to quarters Plaintiff could not shop at the FCI Hazelton commissary, could not purchase or use telephone minutes, could not purchase or use credits for TRULINCS Public Messaging service, and could not purchase books.

36.) At all relevant time, FCI Hazelton operated a commissary that sold products to Plaintiff. The products sold through commissary were manufacted outside the State of West Virginia and travelled through channels of interstate Commerce to FCI Hazelton.

37.) FCI Hazelton commissary purchased products for resell from vendors located outside of West Virginia utilizing instrumentalities of interstate commerce. The cost per item set by vendors was based upon the quantity of items

1 0

purchased or expected to be purchased. A lesser quantity of products sold results in an increased unit rate price.

38.) On July 30, 2018, Defendant Entzel instituted a custom or practice where Plaintiff would be subjected to the sanction of commissary restriction following incidents of drug activity or unspecified misconduct. Entzel's custom or practice required no knowledge or involvement by Plaintiff in the incidents of drug activity or unspecified misconduct. Attached as Exhibit 4 is a true and correct copy of Defendant Frederick Entzel's July 30, 2018, Notice to the Inmate Population.

39.) Defendant Adams adopted and instituted Entzel's commissary sanction practices.

40.) After July 30, 2018, Defendants Entzel or Adams, in combination with others, subjected Plaintiff to commissary restriction on no less than 14 occassions. Plaintiff received no incident report or hearing pertaing to commissary restrictions imposed after July 30, 2018.

41.) Defendant Entzel and Defendant Adams use of ultra vires commissary restriction and restriction to quarters sanctions substantially affected interstate commerce.

11

42.) Plaintiff, through counsel, moved for resentencing under § 404(b) of the First Step Act. Mot. for Resentencing, <u>United States v. Reeves</u>, No. 6:93-CR-10036-JTM (D. Kan. Jan. 24, 2019), ECF No. 103. Reeves requested a 235 month sentence and the United States agreed. <u>Id.</u> at 1. On January 30, 2019, the district court issued an order, reducing Reeves' sentence to 235 months. <u>Id.</u> at ECF No. 105. On January 31, 2019, Noelle Mason, a BOP employee, verified through PACER that the Order (ECF No. 105) was authentic and in effect as of January 30, 2019.

43.) The BOP refused to update its SENTRY records to show a 235 month term of imprisonment for Plaintiff in case No. 6:93-CR-10036.

44.) Plaintiff was detained and restrained of his liberty by the BOP for more than 328 months on a 281 month aggregate sentence of imprisonment.

45.) Plaintiff was falsely imprisoned for 510 days after the district court ordered the 327 month sentence be reduced to 235 months in case No. 6:93-CR-10036.

46.) Upon information and belief, on January 30, 2020, Plaintiff was infected with COVID-19 in FCI Hazelton. Plaintiff

received no medical attention related to the COVID-19 infection. Upon information and belief, on February 2, 2020, Plaintiff was suffering from a COVID-19 infection.

47.) While using the phone on February 2, 2020, at approximately 6:00 pm, Plaintiff lost consciousness, fell to the concrete floor in FCI Hazelton housing unit M-1 injuring his head. Plaintiff received three lacerations to his head. Plaintiff was taken to the FCI Hazelton medical facilities where he received no medical care for his lacerations because no medical staff were available.

48.) On February 3, 2020, Plaintiff's lacerations were examined by physician assistant Amy Armel who stated that it was too late to suture the lacerations and that the doctor said the lacerations should have been sutured the previous day. Plaintiff has scars from the lacerations.

## VI. LEGAL CLAIMS

### COUNT ONE
(Sherman Act Claim)

49.) Plaintiff incorporates by reference, repleading paragraphs 1 through 48.

50.) Beginning on December 24, 2017, and continuing through at least July 18, 2019, Defendant Entzel and co-conspirators engaged in a conspiracy to unreasonably restrain interstate trade or commerce in violation of 15 U.S.C. § 1.

51.) The conspiracy consisted of a continuing agreement, understanding, and concert of action among Defendant Entzel and his co-conspirators to restrain trade or commerce among the several states.

52.) In furtherance of this conspiracy, Defendant Entzel did numerous things, including:

    a.) engaging in the _ultra vires_ practice of collectively sanctioning inmates, including Plaintiff, to restriction to quarters without due process;

    b.) engaging in the ultra vires practice of collectively sanctioning inmates, including Plaintiff, to commissary restriction without due process.

53.) The conspiracy's use of Defendant Entzel's _ultra vires_ collective punishment practices substantially affected interstate trade or commerce.

54.) Because Defendant Entzel's acts or omissions were ultra vires and prohibited by law, he was not acting in an official capacity when he conspired to restrain interstate commerce.

55.) Plaintiff was injured by Defendant Entzel's conspiracy, where Plaintiff was:

a.) restrained from purchasing books in interstate trade or commerce;

b.) restrained from purchasing products in interstate trade or commerce through commissary;

c.) restrained from purchasing or using telephone minutes;

d.) restrained from using the TRULINCS Public Messaging service;

e.) subjected to product unavailability and increased product cost as a direct or proximate consequence of Entzel's ultra vires collective punishment practices.

15

## COUNT TWO
### (Sherman Act Claim)

56.) Plaintiff incorporates by reference, repleading paragraphs 1 through 55.

57.) Beginning on or about July 18, 2019, and continuing through June 23, 2020, Defendant Adams and co-conspirators engaged in a conspiracy to unreasonably restrain interstate trade or commerce in violation of 15 U.S.C. § 1.

58.) The conspiracy consisted of a continuing agreement, understanding, and concert of action among Defendant Adams and his co-conspirators to restrain trade or commerce among the several states.

59.) In furtherance of this conspiracy, Defendant Adams did numerous things, including:

    a.) engaging in the _ultra vires_ practice of collectively sanctioning inmates, including Plaintiff, to restriction to quarters without due process;

    b.) engaging in the _ultra vires_ practice of collectively sanctioning inmates, including Plaintiff, to commissary

16

restriction without due process.

60.) The conspiracy's use of Defendant Adams' ultra vires collective punishment practices substantially affected interstate trade or commerce.

61.) Because Defendant Adams' acts or omissions were ultra vires and prohibited by law, he was not acting in an official capacity when he conspired to restrain interstate commerce.

62.) Plaintiff was injured by Defendant Adams' conspiracy, where Plaintiff was:

a.) restrained from purchasing books in interstate trade or commerce;

b.) restrained from purchasing products in interstate trade or commerce through commissary;

c.) restrained from purchasing or using telephone minutes;

d.) restrained from using the TRULINCS Public Messaging service;

e.) subjected to product unavailability and increased

17

product cost as a direct or proximate consequence of Adams' <u>ultra vires</u> collective punishment practices.

## COUNT THREE
### (Privacy Act Claim)

63.) Plaintiff incorporates by reference, repleading paragraphs 1 through 62.

64.) Defendant BOP failed to maintain accurate, relevant, timely and complete records concerning the computation of Plaintiff's sentence in case No. 6:93-CR-10036 in violation of the Privacy Act of 1974.

65.) Defendant BOP intentionally or willfully refused to update inaccurate, irrelevant, untimely and incomplete SENTRY records pertaining to the sentence imposed in case No. 6:93-CR-10036.

66.) Defendant BOP's maintenance of and reliance on inaccurate, irrelevant, untimely and incomplete records indicating that Plaintiff had a 327 month sentence in case No. 6:93-CR-10036 after January 30, 2019, caused SENTRY to compute an erroneous aggregate sentence. The erroneous sentence computation was the proximate cause of Plaintiff's 510

18

days of unlawful imprisonment.

67.) Plaintiff was injured by Defendant BOP where Plaintiff suffered 510 days loss of liberty, physical discomfort and inconvenience, physical and emotional injuries, denial of consortium with his fiance, denial of familial association, lost earnings and property loss.

## COUNT FOUR
### (Adams Negligence: False Imprisonment)

68.) Plaintiff incorporates by reference, repleading paragraphs 1 through 67.

69.) At all relevant time, Defendant Adams owed Plaintiff a legal duty to put into effect and comply with the January 30, 2019, court order reducing Plaintiff's sentence to 235 months in case No. 6:93-CR-10036.

70.) Defendant Adams negligently, carelessly, and wrongfully refused to comply with or otherwise put into effect the court order reducing Plaintiff's sentence to 235 months.

71.) Plaintiff was injured by Defendant Adams' breach of the legal duty owed to Plaintiff, suffering 510 days loss

19

of liberty, physical discomfort, inconvenience, loss of consortium, denial of familial association, lost earnings, physical and emotional injuries.

72.) Plaintiff's injuries were proximately caused by Defendant Adams' negligent, careless, and wrongful refusal to comply with or otherwise put into effect the court order reducing Plaintiff's sentence.

## COUNT FIVE
### (FTCA: False Imprisonment)

73.) Plaintiff incorporates by reference, repleading paragraphs 1 through 72.

74.) BOP employees are investigative or law enforcement officers, empowered to execute searches, to seize evidence or make arrests for violations of federal law.

75.) At all relevant time, the BOP's officers or employees acted with nonfeasance, misfeasance, or malfeasance in refusing to comply with and put into effect the January 30, 2019, court order issued by the United States District Court for the District of Kansas, that reduced Plaintiff's sentence to 235 months in case No. 6:93-CR-10036

20

76.) The acts or omissions of Defendant United States' officers or employees wrongfully caused Plaintiff to suffer 510 days of unlawful or not legally justified imprisonment without Plaintiff's consent, in violation of West Virginia common law and 18 U.S.C. § 4001(a).

77.) Plaintiff is injured by Defendant United States where Plaintiff suffered 510 days of incarceration, physical discomfort and inconvenience, physical and emotional injuries, denial of consortium with his fiance, denial of familial association, lost earnings and property loss as a proximate consequence of the unlawful or not legally justifiable imprisonment.

## COUNT SIX

### (FTCA: Negligence)

78.) Plaintiff incorporates by reference, repleading paragraphs 1 through 77.

79.) At all relevant time, Warden Paul Adams owed Plaintiff a legal duty to provide medical care, or alternatively, a legal duty to refrain from unlawfully restraining Plaintiff from seeking medical care.

21

80.) Defendant Adams negligently, carelessly, and wrongfully failed to protect Plaintiff from COVID-19 infection, and, on February 2, 2020, refused to provide Plaintiff necessary medical treatment in violation of West Virginia common law and 18 U.S.C. § 4042(a)(2).

81.) Plaintiff was injured by Defendant Adams' breach of the legal duty owed to Plaintiff, causing Plaintiff unnecessary and additional pain and suffering, and permanent disfigurement where Plaintiff never received medically necessary sutures.

82.) Plaintiff's injuries were proximately caused by Defendant Adams' negligent, careless, and wrongful refusal to provide Plaintiff with necessary medical treatment or refraining from unlawfully restraining Plaintiff from seeking medical care.

## COUNT SEVEN
(Tresspass on the Case: Interference With Due Process)

83.) Plaintiff incorporates by reference, repleading paragraphs 1 through 82.

84.) At all relevant time, Defendants Entzel and Adams owed Plaintiff a duty to provide Plaintiff with due process in

22

connection with the imposition of punishment. W. Va. Const. art. III, § 10; U.S. Const. amend 5; 28 C.F.R. § 541.1 et seq.

85.) At all relevant time, Defendants Entzel and Adams owed Plaintiff a duty to follow procedures required by the Inmate Discipline Program prior to imposing punishment and to refrain from subjecting Plaintiff to cruel, inhuman, or degrading treatment or punishment. 28 C.F.R. § 541.1 through § 541.8; Int'l Convenant on Civil and Political Rights arts. 7, 9 and 10, ratified June 8, 1992, 999 U.N.T.S. 175; 42 U.S.C. § 2000dd(a).

86.) Defendants Entzel and Adams exceeded the scope of their powers when they knowingly, wantonly, and willfully, in disregard of Plaintiff's rights and wishes, engaged in collective punishment practices, imposing Inmate Discipline Program sanctions upon Plaintiff without due process. Said punishment included subjecting Plaintiff to conditions constituting cruel, inhuman, or degrading treatment or punishment in violation of Plaintiff's rights.

87.) Defendant's collective punishment practices injured Plaintiff, interfering with his liberty, association and due process rights, and his right to participate in interstate commerce, and was the proximate cause of physical discomfort, inconvenience, physical and

23

emotional injuries, denial of familial association, and increased the cost of consumer products or denied Plaintiff access to otherwise available consumer products.

88.) Defendants Entzel and Adams are liable to Plaintiff for their violations of statutes and Plaintiff's injuries proximately caused by Defendant's malfeasance and breach of duties owed to Plaintiff. W. Va. Code § 56-4-13.

## COUNT EIGHT
### (Administrative Procedure Act Claim)

89.) Plaintiff incorporates by reference, repleading paragraphs 1 through 88.

90.) The acts or omissions of Defendants BOP, Warden Entzel, and Warden Adams, as described in this Complaint, constituted unlawful action that caused Plaintiff to suffer legal wrongs reviewable under the Administrative Procedure Act. 5 U.S.C. § 706.

91.) Defendant's acts or omissions constituting unlawful imprisonment and collective punishment were:

  a.) arbitrary and capricious;

24

b.) an abuse of discretion;

c.) contrary to constitutional rights;

d.) in excess of statutory jurisdiction, authority or limitations;

e.) without statutory right; and,

f.) without observation of procedure required by law.

92.) The acts or omissions of Defendants violated Plaintiff's right to due process of law by not assuring due process was provided when Plaintiff was subjected to unlawful imprisonment and collective punishment described in this Complaint. 28 C.F.R. § 541.1 *et seq.*; U.S. Const. amend. 5.

93.) Plaintiff was injured by Defendant's acts or omissions, suffering loss of liberty, physical discomfort, inconvenience, loss of consortium, denial of familial association, lost earnings, restraint of participation in interstate commerce, property loss, physical and emotional injuries.

## COUNT NINE
### (Bivens Claim: Collective Punishment)

94.) Plaintiff incorporates by reference, repleading paragraphs 1 through 93.

95.) While acting under color of federal law, Defendant Entzel

25

engaged in collective punishment practices, subjecting Plaintiff to punishment without due process, more specifically, restriction to quarters and commissary restriction. Defendant Entzel is liable to Plaintiff for his unlawful actions in violation of the U.S. Constitution's Fifth Amendment.

## COUNT TEN
(Bivens Claim: Collective Punishment)

96.) Plaintiff incorporates by reference, repleading paragraphs 1 through 95.

97.) While acting under color of federal law, Defendant Adams engaged in collective punishment practices without due process, more specifically, restriction to quarters and commissary restriction. Defendant Adams is liable to Plaintiff for his unlawful actions in violation of the U.S. Constitution's Fifth Amendment.

## COUNT ELEVEN
(Tort of Outrage)

98.) Plaintiff incorporates by reference, repleading paragraphs 1 through 97.

26

99.) Plaintiff was caused to suffer and sustain intentional or reckless infliction of emotional distress where the conduct of Defendants was atrocious, intolerable, and so extreme and outrageous as to exceed the bounds of decency and was intolerable in a civil society. The emotional distress suffered by Plaintiff was so severe that no reasonable person could be expected to endure it.

## COUNT TWELVE
### (Violation of Statutes)

100.) Plaintiff incorporates by reference, repleading paragraphs 1 through 99.

101.) While Plaintiff was detained in FCI Hazelton, the actions or omissions of Defendants set forth in paragraphs 1 through 99, subjected Plaintiff to cruel, inhuman, or degrading treatment or punishment in violation of 42 U.S.C. § 2000dd(ca) and the Int'l Covenant on Civil and Political Rights arts. 7, 9 and 10, ratified June 8, 1992, 999 U.N.T.S. 175. Plaintiff was injured by Defendants who are liable to Plaintiff for violation of statutes. W. Va. Code § 55-7-9.

## VII. RELIEF REQUESTED

2 7

## A. DECLARATORY RELIEF

102.) Plaintiff and Defendants have adverse legal interests that are of sufficient immediacy and reality to warrant the issuance of a decree. Accordingly, Plaintiff requests this Court to declare the legal rights, status, and other legal relations and enter a decree and final judgment:

a.) declaring that Defendants unlawfully detained and restrained Plaintiff of his liberty;

b.) declaring that Defendants engaged in tortious and unlawful conduct affecting Plaintiff;

c.) declaring that Defendants Entzel and Adams violated Plaintiff's rights by engaging in unlawful collective punishment practices;

d.) declaring that Defendants subjected Plaintiff to cruel, inhuman, or degrading treatment or punishment;

e.) declaring that Defendants Entzel and Adams engaged in unlawful restraint of interstate trade or commerce.

## B. DAMAGES

103.) As a direct and proximate result of Defendants conduct, Plaintiff suffered the following injuries and damages:

28

a.) loss of liberty;

b.) physical pain and mental anguish in the past and future;

c.) lost earnings;

d.) loss of consortium;

e.) physical scarring;

f.) loss of familial association;

g.) future counseling expenses;

h.) property damage and loss.


## C. PRAYER FOR RELIEF


104.) Plaintiff asks for judgment in favor of Plaintiff and against Defendants, jointly and severally, for the following:

a.) a jury trial on all issues triable by jury;

b.) Plaintiff's costs in this suit;

c.) compensatory damages;

d.) special damages;

e.) punitive damages;

f.) nominal damages; and,

g.) any other relief as may be just and proper.

Respectfully submitted,

Date: _____    _____

Lee D. Reeves
14013 Maple Avenue,
Los Angeles, CA 90061
Phone: 310-780-1467
Email: darrellreeves1 AT gmail.com
Plaintiff, Pro Se

30